**BAKER & HOSTETLER LLP**
Jessie M. Gabriel
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

Counsel for Plaintiffs Barry Zekelman
and Stephanie Zekelman

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BARRY ZEKELMAN and STEPHANIE ZEKELMAN,<br><br>            Plaintiffs,<br><br>v.<br><br>HUDSON FURNITURE INC. and BARLAS BAYLAR,<br><br>            Defendants. | CIVIL ACTION NO.: _____<br><br><br><br><br><br>**COMPLAINT AND**<br>**<u>JURY DEMAND</u>** |

    Plaintiffs Barry and Stephanie Zekelman, through their undersigned attorneys, as and for their Complaint, allege:

<u>PRELIMINARY STATEMENT</u>

    1.  This lawsuit arises out of the failure of the defendants to produce the four sculptures purchased by Barry and Stephanie Zekelman. Over six months have passed since the agreed upon delivery date, and still, no sculptures. Instead, they have received only demands for additional payment premised on false assurances regarding the status of their sculptures.

2. The Zekelmans have repeatedly demanded the return of their deposit, which the defendants have refused to provide. As of this date, the defendants are unlawfully holding $155,000 that belong to the Zekelmans.

3. The Zekelmans bring this action against the company, Hudson Furniture Inc. ("Hudson Furniture") and its owner, manager, and Chief Executive Officer, Barlas Baylar, to recover their deposit and the additional damages they have suffered as a direct result of the defendants' unlawful behavior.

## PARTIES

4. Plaintiff Barry Zekelman is an individual residing in Lakeshore, Ontario, Canada. Mr. Zekelman is a citizen of Canada.

5. Plaintiff Stephanie Zekelman is an individual residing in Lakeshore, Ontario, Canada. Mrs. Zekelman is a citizen of the United States and Canada.

6. Defendant Hudson Furniture Inc. is a New York corporation with its principal place of business located at 83 Wooster Street, New York, NY 10011.

7. Defendant Barlas Baylar is an individual residing at 200 11th Avenue #3S, New York, NY, 10011. Mr. Baylar is the owner, manager, and Chief Executive Officer of Hudson Furniture Inc.

## JURISDICTION AND VENUE

8. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 because there is complete diversity of parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

9. Venue is proper in the district pursuant to the Contract, which provides for venue in New York County. In addition, venue is appropriate pursuant to 28 U.S.C. § 1391(b) because the defendants reside in this district and conduct business here.

### FACTUAL BACKGROUND

10. During 2015, the Zekelmans decided to commission four metal sculptures for their home. After traveling to New York to meet with representatives of Hudson Furniture, they decided to commission the works from the company.

11. On or about September 24, 2015, the Zekelmans received an invoice for $155,000, which represented a 50% deposit against the full purchase price of $310,000. Shortly thereafter, the Zekelmans transferred the $155,000 to Hudson Furniture.

12. On or about March 2, 2016, after negotiating the terms, the Zekelmans entered into an agreement with Hudson Furniture for the completion of four metal sculptures (the "Contract").

13. With regard to completion date, the Contract stated: "Hudson Furniture herewith guarantees completion of the items on this order on or before July 17, 2016. This guarantee is based on receiving approval of shop drawing by 2/24/16." The Zekelmans had provided approval of the shop drawings on or about February 24, 2016.

14. On July 17, 2016, the guaranteed date of delivery, the sculptures did not arrive. The following week, on July 22, 2016, they received an email from Lenny Schatzschneider of Hudson Furniture demanding payment of an additional $155,000. Mr. Schatzschneider stated the sculptures had been completed "earlier this week" and that he would send them "detailed photos as well as a movie of each of the four sculptures." He told the Zekelmans that, according to

3

"company policy," the Zekelmans needed to pay the final $155,000 by wire before the sculptures could be shipped.

15. The Zekelmans never received the photos or videos of the sculptures. Instead, two weeks later, Mr. Schatzschneider informed them that their sculptures were in fact not ready. On August 3, 2016, the Zekelmans received an email from Mr. Schatzschneider stating that the sculptures were defective, that the company was making a new set of sculptures, and that Hudson Furniture would send them the defective set to have until the new set arrived. The sculptures the Zekelmans requested would not be ready for another 12-14 weeks.

16. By the middle of November, the Zekelmans still had not received their sculptures. They received an email from Mr. Baylar and a representative of Hudson Furniture, Ms. Wong, on November 22, 2016, informing them that "everything is moving along."

17. Having still not received the sculptures by December 4, 2016, Mr. Zekelman informed Hudson Furniture that they were cancelling the contract and requesting a full refund. He informed the company he would visit their offices the next day to obtain a check. Prior to his arrival, the company confirmed the sculptures were still not complete.

18. When Mr. Zekelman visited the offices of Hudson Furniture on December 5, 2016, he met with Mr. Baylar and Ms. Wong and demanded the return of his and his wife's money. Mr. Baylar could not deny that Hudson Furniture had breached the Contract but refused to return the Zekelmans their money.

19. As of the date this Complaint is being filed, the Zekelmans have received neither the sculptures nor the return of their deposit.

20. The Contract provides for venue in any court in New York County and is governed by New York law.

21. The Contract also provides for an award of reasonable attorneys' fees, costs, and expenses for the prevailing party in a breach of contract suit.

### FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT
### AGAINST HUDSON FURNITURE

22. The Zekelmans repeat and re-allege each of the allegations made in paragraphs 1 through 21 of the Complaint as if fully stated herein.

23. The Zekelmans entered into a contract with Hudson Furniture.

24. The Zekelmans have performed and continue to perform all of their duties under the Contract.

25. Hudson Furniture has failed to perform under the Contract by failing to deliver the sculptures to the Zekelmans.

26. As a result of the breach, the Zekelmans have been damaged.

### SECOND CAUSE OF ACTION FOR FRAUD
### AGAINST HUDSON FURNITURE

27. The Zekelmans repeat and re-allege the allegations contained in paragraphs 1 through 26, as if fully set forth herein.

28. Hudson Furniture falsely represented to the Zekelmans on multiple occasions that their sculptures were being produced, that the sculptures were complete, that their sculptures would arrive on specified dates, and that the company required additional funds from the Zekelmans.

5

29. At the time Hudson Furniture made these representations, Hudson Furniture knew the representations were false.

30. These representations were material to the Zekelmans, who had informed Hudson Furniture that they required the sculptures to be at their new home no later than August 1, 2016.

31. Hudson Furniture made these representations with the expectation that the Plaintiffs would rely on them.

32. The Zekelmans did justifiably rely on these representation, wasted time and money interacting with Hudson Furniture in a fruitless effort to obtain their sculptures, and did forego obtaining sculptures from an alternative source.

33. The Zekelmans were damaged as a result of their reliance on these representations.

### THIRD CAUSE OF ACTION FOR ALTER EGO LIABILITY AGAINST BAYLAR

34. The Zekelmans repeat and re-allege each of the allegations made in Paragraphs 1 through 33 of the Complaint as if fully stated herein.

35. Hudson Furniture is a mere instrumentality of Baylar.

36. Hudson Furniture breached the Contract with the Zekelmans.

37. Baylar used his control over Hudson Furniture to cause Hudson Furniture to breach the Contract with the Zekelmans and to commit fraud.

38. As a result of Hudson Furniture's breach of contract and fraud, the Zekelmans have been damaged.

39. As the alter ego of Hudson Furniture, Baylar is liable for the damage caused to the Zekelmans.

## PRAYER FOR RELIEF

**WHEREFORE**, the Zekelmans respectfully ask the Court to:

40. Award compensatory damages of no less than $155,000;

41. Award attorneys' fees and costs;

42. Award punitive damages; and

43. Award such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Zekelmans demand trial by jury in this action of all issues so triable.

Dated: New York, New York  **BAKER & HOSTETLER LLP**
December 21, 2016

By: /s/ Jessie M. Gabriel
Jessie M. Gabriel
45 Rockefeller Plaza
New York, New York  10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

Counsel for Plaintiffs Barry Zekelman and Stephanie Zekelman